BALTIMORE & O. RY. CO. v. PITTSBURGH, C. & ST. L. RY. CO.

(Circuit Court, S. D. Ohio, E. D.   May 10, 1893.)

No. 259.

**1. Res Judicata—Estoppel—Contract.**

The P. Co. brought its bill in equity against the B. Co., praying an account of profits arising from their joint ownership and operation of a section of railway under a contract executed by their predecessors in ownership. A decree was entered in favor of the P. Co. for profits arising from the passenger traffic under the contract, but the suit was dismissed, without prejudice, as to all questions relating to profits from local freights. Afterwards the B. Co. brought its bill for an accounting by the P. Co. for local freights. *Held,* that the P. Co., having obtained the benefit of the contract in its suit against the B. Co., was estopped to deny the validity of such contract in the second suit, and that the dismissal of the former suit, in respect to the freights, without prejudice, did not affect the estoppel.

**2. Contract—Construction.**

A contract relating to local freight business "from and to N. and C., with stations on the line of said road between those points," does not include the carriage of freights from one intermediate station to another such station.

In Equity. Bill by the Baltimore & Ohio Railway Company against the Pittsburgh, Cincinnati & St. Louis Railway Company for an accounting, under a contract, as to certain freight business carried on over a piece of railroad owned by them jointly. Heard on respondent's exceptions to the special master's supplemental report. Exceptions sustained in part, and overruled in part.

J. H. Collins, for complainant.

Harrison, Olds & Henderson, for respondent.

SAGE, District Judge. The first 10 exceptions go to the whole case. They amount to an application for a rehearing, and present the questions whether the agreement mentioned in the bill, upon the validity of which the complainant's right to an accounting necessarily depends, ever had any binding force or effect; and whether, if it was or would have been otherwise valid, it was, in respect to the subject-matter for which an accounting is sought, ultra vires, illegal, and void; and, finally, whether the order for an accounting, and the findings of the court therein embodied, are erroneous, and should not have been made.

The complainant and respondent are joint owners of the railway between Columbus and Newark, Ohio,—the complainant, as lessee of one undivided one-half of the same; and the respondent, as the owner of the other undivided one-half. The agreement referred to in the exceptions was made by and between the Central Ohio Railroad Company and the Steubenville & Indiana Railroad Company. By its terms, the railroad between Columbus and Newark was to be known as the Columbus & Newark Division of both said roads, and to be under their joint control. It was provided in the thirteenth and fifteenth paragraphs of the contract that the local freight business should be done by the Central Ohio Railroad

Company, and that its general freight agent should keep an account of the earnings arising therefrom, and that for such services said company should receive 65 per centum thereof, and the remainder should be equally divided between said company and the Steubenville & Indiana Company. By the fourteenth and sixteenth paragraphs, provision was made for the local traffic, which was to be done on the trains of either of said companies which would give the greatest encouragement and offer the best facilities for the same, and that the company rendering the service should have a certain percentage of the receipts therefor, and the balance should be divided equally between said companies. The complainant succeeded to the rights of the Central Ohio Railroad Company, and the respondent to the rights of the Steubenville & Indiana Company, under this contract. The bill sets forth that both the complainant and respondent recognized the validity and binding force of said contract, and continued to act thereunder, until the month of June, 1872, when the respondent entered upon and commenced the business of carrying local freights, and has continued to do so ever since, notwithstanding complainant's objection and insistence that, as lessee of the Central Ohio Railroad Company, it was entitled to carry all the local freights. The bill prays for an accounting.

The respondent, by its answer, denied the making of this contract, and also set up that, if made, it was ultra vires and invalid. Thereupon the complainant amended its bill, and pleaded an estoppel, setting up that on the 3d day of June, A. D. 1883, the respondent commenced a suit in this court against the complainant for the purpose of adjusting and settling the various matters of account growing out of the management and operation of said railway from the year 1867 up to and until the date of the commencement of said suit, and that in said suit the respondent recovered upon account of the maintenance of said railway, and of its claims for a division of the proceeds of the passenger traffic under said agreement, the sum of $21,926.35, with interest. The final judgment in that case was entered on the 13th day of December, 1884. The respondent relies upon the order therein made, sustaining exceptions to the item of the report of the special master relating to local freight, and dismissing, without prejudice, all questions touching the same, for adjudication in any other action or proceeding. This dismissal left all questions relating to local freights to be determined, in any future litigation, upon their merits, precisely as if they had never been brought into that case. Looking at the question now presented in that light, it is clear, upon all the authorities, that the judgment of the court that the contract on which that action was based, and this suit is based, was a valid and subsisting contract, is res judicata in this case. The defendant, by coming into court as plaintiff in that case against the complainant in this case, asserted the validity and binding force of the very contract upon which the bill in this case is founded, and recovered some $22,000; a large portion of the recovery being for its share of the passenger receipts, under the provisions of paragraphs 14

and 16, which, so far as relates to any question of validity or ultra vires, stand upon precisely the same ground as paragraphs 13 and 15, relating to the freight traffic. Now it undertakes to avoid liability under paragraphs 13 and 15 for the reason that the contract is illegal and ultra vires. Nothing can be plainer than that it is estopped to do so, and the dismissal without prejudice does not affect that estoppel. It merely leaves the way open to make any defense which goes to the merits of the claim set up by the complainant in this case, and does not rest upon the assertion of the invalidity of the contract. Bigelow, Estop. p. 36 et seq.; Hopkins v. Lee, 6 Wheat. 109; Cromwell v. County of Sac, 94 U. S. 351. See, also, Lovell v. Cragin, 136 U. S. 130, 10 Sup. Ct. Rep. 1024. In Cromwell v. County of Sac, Justice Field, in delivering the opinion of the court, refers to the difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand under a contract or transaction, and its effect as an estoppel in another action under the same contract or transaction. If it were the same claim, that judgment would have been an absolute bar; but, being a different claim, it operated as an estoppel only as to the matters in issue, or points controverted. Justice Field, on page 356, says:

"Various considerations, other than the actual merits, may govern a party in bringing forward grounds of recovery or defense in one action, which may not exist in another action, upon a different demand, such as the smallness of the amount or the value of the property in controversy, the difficulty of obtaining the necessary evidence, the expense of the litigation, and his own situation at the time. A party acting upon considerations like these ought not to be precluded from contesting in a subsequent action other demands arising out of the same transaction."

On page 357 he quotes from Mr. Justice Willes in Howlett v. Tarte, 10 C. B. (N. S.) 813, as follows:

"It is quite right that a defendant should be estopped from setting up in the same action a defense which he might have pleaded, but has chosen to let the proper time go by. But nobody ever heard of a defendant being precluded from setting up a defense in a second action because he did not avail himself of the opportunity of setting it up in the first action. * * * I think we shall do wrong to favor the introduction of this new device into the law."

But Cromwell v. County of Sac, and the cases therein cited, are clearly distinguishable from this case. It is true that, in the former case between the parties to the present suit, no question was made as to the validity of the contract, but the Pittsburgh, Cincinnati & St. Louis Railway Company, by bringing its action upon the contract, and prosecuting it to a judgment, which affirmed the report of the special master that the contract was valid and subsisting, was as effectually concluded by that finding, which was essential to the judgment, as the defendant would have been if it had pleaded the invalidity of the contract, and judgment had been rendered against the plea. It would be a gross perversion of justice to permit the defendant in this case to retain the local freight receipts upon the plea that the contract under which it

maintained an action for its share of the local passenger receipts is ultra vires and invalid.

The first 10 exceptions will be overruled.

The eleventh exception relates to the revenues received by the complainant and respondent, respectively, between points intermediate to Newark and Columbus. These are included in the master's account. As stated therein, the amount of such revenues received by complainant, and included in the account and report, is $604.75, and the amount received by respondent, and included in the report, is $647.49. This exception will be sustained. The contract relates to the local freight business "from and to Newark and Columbus, with stations on the line of said road between those points." This does not include the carriage of freight from one intermediate station to another such station. If counsel cannot agree upon the amounts, the report will be recommitted to the master, with instructions to make the corrections. In all other respects the report is confirmed.